UNITED STATES, Appellee

v.

ALBERT H. GODDARD, Private, U. S. Army, Appellant

1 USCMA 475, 4 CMR 67

No. 331

Decided July 24, 1952

LT. COL. James C. Hamilton, USA, and 1ST LT. Thomas E. Cole, USA, for Appellant.

LT. COL. Paul J. Leahy, USA, and 1ST LT. Richard L. Brown, USA, for Appellee.

### Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was tried by general court-martial in Korea and found guilty of desertion in violation of Article of War 58, 10 U.S.C. § 1530. He was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for 18 months. The board of review affirmed the findings and sentence, and we granted review to determine whether the law officer's instructions were prejudicial to the substantial rights of the accused.

The evidence of the Government consisted of a duly authenticated extract copy of the morning report ▮▮▮ showing that the accused went absent without leave from his unit on or about the 28th day of December, 1950. His return to the service was established by a written stipulation which showed he surren-

**475**

dered himself to military authorities on or about March 27, 1951. The theory of the Government was that the crime of desertion was established by much prolonged absence without explanation.

The accused did not testify but certain evidence was produced by him which established that he was an efficient soldier and one who had been awarded a Bronze Star for bravery in action.

The law officer in charging the court stated as follows:

"The court is advised that the elements of the offense are as follows: That the accused absented himself without leave, or remained absent without leave from his place of service, organization, or place of duty, as alleged; that he intended, at the time of absenting himself or at some time during his absence, to remain away permanently from such place, *or* that his absence was of a duration and was terminated as alleged; and that the desertion was committed under the circumstances alleged."
[Emphasis supplied.]

The instruction as given is patently erroneous. It is apparent that the law officer in setting forth the elements used the word "or" so that the phrases were in the disjunctive instead of the conjunctive. While under certain circumstances this might be an unimportant error, when considered in connection with the facts of this case it becomes apparent that the court could have found the accused guilty of desertion solely because his absence was of the period alleged. There was no dispute concerning that fact, but there was an issue as to the intent with which he absented himself. It is a well-established principle of military law that the court may infer an intent to desert from much prolonged absence, but an entirely different problem is posed when the court is instructed that, as a matter of law, it may find the accused guilty of desertion if the absence was for the period alleged. The gravamen of desertion is intent, and if this element is omitted the offense is no more than unauthorized absence.

It may be, as contended by the Government, that the word "or" was used inadvertently. Conceding, arguendo, that such was the case, to hold that the court-martial paid no attention to the words used would be to deny the underlying concept that a court-martial is presumed to follow the instructions as given by the law officer. Again, it may be, as contended, that there might have been a typographical error, but we have no way of determining such was the case. If we assume, as we must, that the instruction was given as it appears in the record, then the court was permitted to find the accused guilty of a greater offense based on the elements of a lesser. We have previously held this to be prejudicial error. See United States v. Rhoden (No. 153) 1 USCMA 193, 2 CMR 99, decided February 26, 1952.

The record establishes the accused was guilty of being absent without leave from his unit in Korea. The sentence imposed by the court-martial was light, when compared with other sentences in similar desertion cases, and undoubtedly this is attributable to accused's previous combat record. A conviction for absence without leave in an area where the table of maximum punishments has been removed would support clearly the sentence imposed. However, this Court has adopted a rule which appears to be most practicable under the present method of sentencing. The rule is that when a finding of guilty is set aside, because of errors of law, and the included offense or the remaining specifications will support the sentence, the cause is returned to the board of review for reconsideration of the sentence. We follow that procedure in this instance.

The decision of the board of review is reversed. The Judge Advocate General of the Army is directed to return the record to the board of review for such action as it deems appropriate.

Chief Judge QUINN and Judge BROSMAN concur.